IN THE UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA -- DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

| | |
|---|---|
| Address of Plaintiff: | Dolores Alibert, Executrix of the Estate of Vernon Alibert and in her own right<br>66 Ivy Lane<br>Glenn Mills, PA 19342 |
| Address of Defendant: | See attached List |
| Place of Accident, incident or Transaction: | Various |
| | *(Use Reverse Side for Additional Space)* |

Does this case involve multidistrict litigation possibilities?     Yes ■     No ☐

*RELATED CASE IF ANY*

Case Number:   01-CV-5981          Judge _____     Date Terminated:    N/A

Civil cases are deemed related when yes is answered to any of the following questions:

1.   Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?          Yes ☐     No ■

2.   Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?          Yes ■     No ☐

3.   Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?          Yes ☐     No ■

CIVIL.: (Place an ⊠ in *ONE CATEGORY ONLY*)

A.     *Federal Question Cases:*

| | | |
|---|---|---|
| 1. | ☐ | Indemnity Contract, Marine Contract, and All Other Contracts |
| 2. | ☐ | FELA |
| 3. | ☐ | Jones Act — Personal Injury |
| 4. | ☐ | Antitrust |
| 5. | ☐ | Patent |
| 6. | ☐ | Labor-Management |
| 7. | ☐ | Civil Rights |
| 8. | ☐ | Habeas Corpus |
| 9. | ☐ | Securities Act(s) Cases |
| 10. | ☐ | Social Security Review Cases |
| 11. | ■ | All other Federal Question Cases (please specify)-Related to Chapter 11 Filing |

B.     *Diversity Jurisdiction Cases:*

| | | |
|---|---|---|
| 1. | ☐ | Insurance Contract and Other Contracts |
| 2. | ☐ | Airplane Personal Injury |
| 3. | ☐ | Assault, Defamation |
| 4. | ☐ | Marine Personal Injury |
| 5. | ☐ | Motor Vehicle Personal Injury |
| 6. | ☐ | Other Personal Injury (Please specify) |
| 7. | ☐ | Products Liability |
| 8. | ☐ | Products Liability — Asbestos |
| 9. | ☐ | All other Diversity Cases (Please specify) |

**ARBITRATION CERTIFICATION**
*(Check appropriate category)*

I, _____ , counsel of record do hereby certify:

☐   Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and costs;

☐   Relief other than monetary damages is sought.

DATE: _____     _____     _____
                                         *Attorney-at-Law*                       *Attorney I.D.#*

**NOTE:**   A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____     _____     _____
                                         *Attorney-at-Law*                       *Attorney I.D.#*

CIV. 609 (9/99)

**Defendants (Names and Addresses):**

Ford Motor Company
Parklane Towers West
Suite 1500
Three Parklane Boulevard
Dearborn, MI 48126-2568

General Motors Corporation
400 Renaissance Center
P.O. Box 400
Detroit, MI 48265-4000

Federal-Mogul Global, Inc., individually and/or as parent company, successor in interest, or indemnitor to or of:

     Fel-Pro, Inc.,

     Ferodo America, Inc.,

     Gasket Holdings, Inc., formerly known as Flexitallic Gasket Company,

     Moog Automotive Inc., formerly known as Wagner Electric Corporation,

     Pneumo Abex Corp., or

     T&N plc.

     2655 Northwestern Highway
     Southfield, MI 48034

JS44
(Rev. 12/96)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I (a) PLAINTIFFS
Dolores Alibert, Executrix of the Estate of Vernon Alibert and in her own right

### DEFENDANTS
SEE ATTACHED

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Mark A. Kowit, Esquire
Law Offices of Peter G. Angelos, P.C.
The Wanamaker Building - 100 Penn Square East
Suite 1050, Tenth Floor
Philadelphia, PA 19107
(215) 963-9333

ATTORNEYS (IF KNOWN)
Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray
Penn Mutual Tower
510 Walnut Street - Suite 1000
Philadelphia, PA 19106
(215) 627-0303

### II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Action for personal injury for asbestos exposure against Federal-Mogul Global, Inc., or companies it purchased and removing defendants, removed pursuant to 28 U.S.C. § 1452(a).

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl Ret Inc Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

### VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**
In Excess of $50,000.00

Check YES only if demanded in complaint:
**JURY DEMAND** ☑ YES   ☐ NO

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER 01-CV-5981

DATE
June 20, 2002

SIGNATURE OF ATTORNEY OF RECORD
Edward T. Finch, Esquire

RECEIPT# _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**Defendants (Names and Addresses):**

Ford Motor Company
Parklane Towers West
Suite 1500
Three Parklane Boulevard
Dearborn, MI 48126-2568

General Motors Corporation
400 Renaissance Center
P.O. Box 400
Detroit, MI 48265-4000

Federal-Mogul Global, Inc., individually and/or as parent company, successor in interest, or indemnitor to or of:

      Fel-Pro, Inc.,

      Ferodo America, Inc.,

      Gasket Holdings, Inc., formerly known as Flexitallic Gasket Company,

      Moog Automotive Inc., formerly known as Wagner Electric Corporation,

      Pneumo Abex Corp., or

      T&N plc.

2655 Northwestern Highway
Southfield, MI 48034

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

DOLORES ALIBERT, Executrix of the Estate of
VERNON ALIBERT and in her own right                    CASE NO.

     V.

FORD MOTOR COMPANY
GENERAL MOTORS CORPORATION
FEDERAL-MOGUL GLOBAL, INC.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a
Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all
defendants. (See §1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree
with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and
serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that
defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

     (a)     Habeas Corpus – Cases brought under 28 U.S.C. §2441 through §2255.     ( )

     (b)     Social Security – Cases requesting review of a decision of the Secretary of
Health and Human Services denying plaintiff Social Security Benefits.     ( )

     (c)     Arbitration -- Cases required to be designated for arbitration under Local
Civil Rule 8.     ( )

     (d)     Asbestos   Cases involving claims for personal injury or property damage
from exposure to asbestos.     ( X )

     (e)     Special Management – Cases that do not fall into tracks (a) through (d) that
are commonly referred to as complex and that need special or intense
management by the court.  (See reverse side of this form for a detailed
explanation of special management cases.)     ( )

     (f)     Standard Management – Cases that do not fall into any one of the other
tracks.     ( )

June 20, 2002
_____
(Date)

_____
Attorney-at-law

Edward T. Finch, Esquire
Attorney For

Ford Motor Company and General Motors Corporation

(Civ. 660)
12/91

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DOLORES ALIBERT, Executrix of the Estate    CASE NO.
of VERNON ALIBERT and in her own right

    V.

FORD MOTOR COMPANY
GENERAL MOTORS CORPORATION
FEDERAL-MOGUL GLOBAL, INC.

## NOTICE OF REMOVAL

Defendants Ford Motor Company and General Motors Corporation (the "automobile manufacturers") hereby give notice of the removal to the United States District Court for the Eastern District of Pennsylvania of the claims which have been asserted against them in the action captioned Dolores Alibert, Executrix of the Estate of Vernon Alibert and in her own right v. AC&S, Inc., et al. now pending in the Court of Common Pleas of Philadelphia County, at No. 0107-4206. This Notice of Removal is filed pursuant to 28 U.S.C. § 1452(a), and as grounds for removal the automobile manufacturers state the following:

1.    The action of which the removed claims are a part was commenced in the Court of Common Pleas of Philadelphia County.

2.    The removed claims are those for personal injury or wrongful death asserted against the automobile manufacturers on the basis of alleged exposure to certain of their asbestos-containing products, including brakes and other automotive parts, manufactured for the automobile manufacturers by Federal-Mogul Global, Inc., or companies that it purchased, one or more of which is a co-defendant of the automobile manufacturers.

3.     On October 1, 2001 Federal-Mogul Global, Inc. filed a voluntary petition for protection under Chapter 11 of the United States Bankruptcy Code, commencing bankruptcy case number 01-10578 (the "Federal-Mogul Bankruptcy Case") currently pending in the United States Bankruptcy Court for the District of Delaware.

4.     The removed claims may be removed to this Court pursuant to 28 U.S.C. § 1452(a): (i) the removed claims are asserted in a civil action not exempt from removal; and (ii) the Court has jurisdiction of the removed claims under 28 U.S.C. § 1334. All claims asserted against the Removing Defendants are related to the Federal-Mogul Bankruptcy Case, and the continued prosecution, outcome at trial or other resolution of the claims will have an effect on the administration of the Federal-Mogul Bankruptcy Case.

5.     Removal to this Court is timely pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(3) in that the Federal-Mogul Bankruptcy Case was pending when the removed claims were asserted on or after October 1, 2001 and in that this notice has been filed within 30 days of receipt by one or all of the automobile manufacturers of a copy of the initial pleading setting forth the removed claims.

6.     Upon removal, the proceedings with respect to the removed claims are non-core. The automobile manufacturers do not consent to entry of a final order or judgment by the bankruptcy judge to the extent the bankruptcy court is authorized to hear or determine such claims consistent with 28 U.S.C. § 157(b)(5).

7.     The purpose of removal is to facilitate transfer of the removed claims to the United States District Court for the District of Delaware, the district court presiding over the Federal-Mogul Bankruptcy Case, to resolve on a consolidated basis the common threshold scientific issues

2

concerning whether brakes and other automotive parts cause disease. *See, e.g., In re Dow Corning Corp.*, 1995 W.L. 495978, at *2 (Bankr. E.D. Mich. Aug. 9, 1995) (personal injury tort claims transferred to bankruptcy court pursuant to 28 U.S.C. § 157(b)(5) to resolve threshold scientific issues concerning whether silicone breast implants caused disease after removal to federal court pursuant to 28 U.S.C. § 1452(a)).

8.      On November 20, 2001, the automobile manufacturers filed in the Federal-Mogul Bankruptcy Case a motion pursuant to 28 U.S.C. § 157(b)(5) to transfer this and all other claims related to brakes and automotive parts for consolidated resolution of the threshold scientific issues concerning whether brakes and other automotive parts cause disease.

9.      On December 10, 2001 the Honorable Alfred M. Wolin issued the attached Order provisionally transferring pursuant to 28 U.S.C. § 157(b)(5) the claims asserted against the automobile manufacturers to the United States District Court for the District of Delaware.

10.     On January 3, 2002, Judge Wolin issued a letter opinion and order reiterating that all asbestos friction claims against the automobile manufacturers pending in federal courts as of December 10 had been transferred, and ordering any claims removed after December 10 transferred as well. A copy of the Order and Opinion are attached to this Notice.

11.     On February 8, 2002, the Honorable Alfred M. Wolin denied the "Motions to Transfer the 'Friction Claims'" and simultaneously remanded the friction products claims. Attached hereto is a copy of said Order.

12.     However, on February 11, 2002, the United States Court of Appeals for the Third Circuit granted a Temporary Stay of Judge Wolin's February 8, 2002 Court Order so that the matter could be considered by a three-judge panel of that court. Attached hereto is a copy of said Order.

3

13.    The Removing Defendants file this Notice of Removal to adequately protect the interests of Removing Defendants and to facilitate transfer of these claims to the United States District Court for the District of Delaware pursuant to Judge Wolin's provisional transfer order.

14.    The automobile manufacturers will comply with 28 U.S.C. § 1446(d) by promptly giving notice of the filing of this Notice of Removal to all adverse parties to the action pending in the state court and filing a copy of this Notice of Removal with the prothonotary of the Court of Common Pleas of Philadelphia County.

Respectfully submitted,

LAVIN, COLEMAN, O'NEIL, RICCI,
FINARELLI & GRAY

BY: _____
Edward T. Finch, Esquire
Attorney for Defendants,
Ford Motor Company and
General Motors Corporation

4

## CERTIFICATE OF SERVICE

I, Edward T. Finch, Esquire, hereby certify that pursuant to 28 U.S.C. § 1446(d) written notice of the removal of this action will be promptly given to all adverse parties and a copy of the Notice of Removal will be filed with the Court of Common Pleas.

Edward T. Finch, Esquire

PRODUCT
LITIGATION

MAY 2 8 2002

G.M. LEGAL STAFF

LAW OFFICES OF PETER G. ANGELOS, P.C.
Firm I.D. #99975
James T. Fitzgerald, Esquire
PA S. Ct. I.D. No. 43178
Mark A. Kowit, Esquire
PA S. Ct. I.D. No. 57793
The Wanamaker Building
100 Penn Square East
Suite 1050, Tenth Floor
Philadelphia, Pennsylvania  19107
(215) 963-9333

| | |
|---|---|
| Dolores Alibert, Executrix of the Estate of Vernon Alibert and in her own right | : IN THE COURT OF COMMON : PLEAS OF PHILADELPHIA : COUNTY, PENNSYLVANIA |

Dolores Alibert, Executrix of the     :    IN THE COURT OF COMMON
Estate of Vernon Alibert and in her   :    PLEAS OF PHILADELPHIA
own right                             :    COUNTY, PENNSYLVANIA
    66 Ivy Lane                 :
    Glenn Mills, PA    19342     :    JULY TERM, 2001
                                      :    NO. 4206
                                      :    COMPLAINT
              Plaintiffs,  :    PERSONAL INJURY
V.                                    :    CIVIL ACTION -
                                      :    Defendants
  AC&S, Inc.,et al.,                 :    ASBESTOS - 2090
      Defendants               :    JURY TRIAL DEMANDED

<table>
<tr><td>

**NOTICE**

YOU HAVE BEEN SUED IN COURT.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint of for any other claim or relief requested by the Plaintiff.   You may lose money or property or other rights important to you.


     YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.
PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, PA  19107   Telephone:
(215) 238-1701

</td><td>

**AVISO**

LE HAN DEMANDADO A USTED EN LA CORTE.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en form excrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que used cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.
     LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATEMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.
ASOCIACION DE LICENCIADOS DE  FILADELFIA
One Reading Center
Philadelphia, PA  19107
Telefono:  (215) 238-1701

</td></tr>
</table>

LAW OFFICES OF PETER G. ANGELOS, P.C.
Firm I.D. #99975
Edward P. Monaghan, Esquire
PA S. Ct. I.D. No. 45775
James T. Fitzgerald, Esquire
PA S. Ct. I.D. No. 43178
Mark A. Kowit, Esquire
PA S. Ct. I.D. No. 57793
The Wanamaker Building
100 Penn Square East
Suite 1050, Tenth Floor
Philadelphia, Pennsylvania  19107
(215)  963-9333

| | | |
|---|---|---|
| Dolores Alibert, Executrix of the | * | IN THE COURT OF |
| Estate of Vernon Alibert | * | COMMON PLEAS OF |
| 66 Ivy Lane | * | PHILADELPHIA COUNTY |
| Glenn Mills, PA 19342 | * | |
| | * | PENNSYLVANIA |
| | * | |
| Plaintiffs | * | JULY TERM, 2001 |
| | * | No. 4206 |
| VS. | * | COMPLAINT - |
| | * | PERSONAL INJURY |
| | * | |
| A C & S, Inc.  001 | * | ASBESTOS - 2090 |
| 120 N. Lime Street | * | |
| Lancaster, Pennsylvania  17602 | * | JURY TRIAL DEMANDED |
| | * | |
| and | * | |
| | * | |
| ABEX CORPORATION 046 | * | |
| Corporation Service Company | * | |
| 2704 Commerce Drive Suite B | * | |
| Harrisburg,  PA  17110 | * | |
| | * | |
| and | * | |
| | * | |
| ALLIED SIGNAL, INC. 280 | * | |
| c/o CT Corporation System | * | |
| 1635 Market Street | * | |
| Philadelphia,PA 19103 | * | |

1

```
                                     *
        and                          *
AMCHEM PRODUCTS, INC.   229          *
c/o C.T. Coporation System           *
1515 Market Street                   *
Philadelphia, PA  19109              *
                                     *
        and                          *
                                     *
AMERICAN STANDARD, INC. 2251         *
c/o C.T. Coporation System           *
1515 Market Street                   *
Philadelphia, PA  19109              *
                                     *
        and                          *
                                     *
A.W. CHESTERTON, INC. 127            *
Route 93                             *
Middlesex Industrial Park            *
Stoneham,MA 02180                    *
                                     *
        and                          *
                                     *
BICKLEY FURNACES, INC. 223           *
550 State Road                       *
Philadelphia, PA 19114               *
                                     *
        and                          *
                                     *
BORG-WARNER CORPORATION 55           *
200 South Michigan Avenue            *
Chicago, IL 60604                    *
                                     *
        and                          *
                                     *
BRAND INSULATIONS, INC. 057          *
1420 Renaissance Drive               *
Park Ridge, IL 60068                 *
                                     *
        and                          *
                                     *
```

2

CLAYTON DUBILIER & RICE  **2692**          *
c/o The Corporation Trust Company    *
1209 Orange Street                   *
Wilmington, DE  19801                *
                                     *
        and                          *
                                     *
CLEAVER-BROOKS, INC.  **155**              *
A Division of Aqua-Chem, Inc.        *
c/o C.T. Coporation System           *
1515 Market Street                   *
Philadelphia, PA  19109              *
                                     *
                                     *
        and                          *
                                     *
DREVER FURNACES **220**                    *
Red Lion & Philmont Avenue           *
Huntingdon Valley, PA 19482          *
                                     *
        and                          *
                                     *
FORD MOTOR COMPANY **105**                 *
c/o C.T. Coporation System           *
1515 Market Street                   *
Philadelphia, PA  19109              *
                                     *
        and                          *
                                     *
FOSTER-WHEELER CORPORATION  **131**        *
668 5th Avenue                       *
New York, New York  10103            *
                                     *
        and                          *
                                     *
GENERAL MOTORS CORPORATION **148**         *
3044 W. Grand Blvd.                  *
Detroit, MI 48202                    *
                                     *
        and                          *
                                     *
GREEN,TWEED & COMPANY **132**              *

3

```
2075 Detweiler Road                  *
P.O. Box 305                         *
Kulpsville, PA 19443-0305            *
                                     *
        and                          *
                                     *
J.H. FRANCE REFRACTORIES             *
Snow Shoe, PA                        *
                                     *
        and                          *
                                     *
KEELER/DORR-OLIVER BOILER CO. 225    *
238 West Street                      *
Williamsport, PA 17701               *
                                     *
        and                          *
                                     *
NEW YORK AIRBRAKE CORPORATION 240    *
Corporate address:                   *
Starbuck Avenue                      *
Glen Park, NY 13601                  *
                                     *
Registered address:                  *
c/o C.T. Coporation System           *
1515 Market Street                   *
Philadelphia, PA   19109             *
                                     *
        and                          *
OWENS ILLINOIS, INC. 032             *
P.O. Box 1035                        *
Toledo, OH 43604                     *
                                     *
        and                          *
                                     *
PARS MANUFACTURING COMPANY 34        *
101 S. Main Street                   *
Ambler, PA 19002                     *
                                     *
        and                          *
                                     *
RAPID AMERICAN CORPORATION 4095      *
Corporation Service Company          *
```

4

```
2704 Commerce Drive Suite B        *
Harrisburg,  PA  17110             *
                                   *
     and                           *
                                   *


SELAS CORPORATION OF AMERICA        *
(SELAS FURNACES)                    *
Limelkin Pike & Dreshertown Road    *
Box 200                             *
Dresher, PA 19025                   *
                                    *
     and                            *
                                    *
UNIROYAL, INC  043                  *
Corporation Service Center          *
2704 Commerce Drive                 *
Suite B                             *
Harrisburg, PA 17110                *
     and                            *
                                    *
VIACOM, INC. succesor by merger to  *
CBS CORPORATION f/k/a WESTINGHOUSE   *
ELECTRIC I4934                       *
Gateway #6, 2nd Floor                *
11 Stanwix Street                    *
Pittsburgh, PA 15222
```

## SHORT FORM COMPLAINT

AND NOW comes Dolores Alibert, Executrix of the Estate of

Vernon Alibert by and through her attorneys Edward P. Monaghan,

James T. Fitzgerald, Mark A. Kowit and the Law Offices of Peter

G. Angelos, P.C. and files this Complaint and in support thereof

avers the following:

1.  Plaintiff incorporates by reference Plaintiffs' Master Long

5

Form Complaint in Re:  Asbestos Litigation in Philadelphia County

Court of Common Pleas, filed as of October Term 1986, No.

8610-0001 as though set forth in its complete text.  Pursuant to

an Order dated July 30, 1986 and signed by the Honorable Richard

B. Klein and the Honorable Edward J. Blake the following short

form complaint is utilized in this asbestos action.

2.   Plaintiff would also name as defendants the Johns-Manville

Corporation, the Johns Manville Sales Corporation, UNARCO, Amatex

Corporation, Forty Eight Insulators Incorporated, Wallace and

Gale Company, Nicolet Industries, Pacor, Inc., Raymark Industries

Inc., Raymark Corporation and Raytech, DI Distributors Inc. f/k/a

Delaware Insulation Company, Inc., Carey Canada, Celotex

Corporation, Eagle Picher Industries, Inc., Keene Corporation,

Rock Wool Manufacturing Co., H.K. Porter Company, Inc.,

Pittsburgh Corning Corporation, Asbestos Claims Management

Corporation f/k/a National Gypsum,Owens Corning, Fibreboard

Corporation, Armstrong World Industries, Inc., GI Holdings Inc.

f/k/a GAF Corporation, W.R. Grace Company-Conn, United States

Gypsum Company, U.S. Mineral Products and T&N Plc., however, each

of these potential defendants has filed for relief or been forced

into involuntary bankruptcy under Chapter 11 of the Bankruptcy

Code and, pursuant to 11 U.S.C. Section 362, the institution of

6

actions against these companies is stayed.    Plaintiffs would have brought suit against the companies enumerated in this paragraph but for the automatic stay.

3.   Defendant, Rapid-American Corporation, is a corporation duly organized and existing under the laws of the State of Delaware with its registered agent being in C/O Prentice Hall Corp. System, 319 Market Street, Harrisburg, Pa. 17101.

4.   Defendant, Rapid-American Corporation, is liable to the plaintiffs for all damages caused or substantially caused by asbestos containing products of Philip Carey Manufacturing Corporation and/or Philip Carey Manufacturing Company.

5.   Rapid-American Corporation and/or its predecessors merged with, and explicitly and impliedly assumed the liabilities of, Glen Alden Corporation after Glen Alden Corporation had merged with, and explicitly and impliedly assumed the liabilities of, Philip Carey Manufacturing Corporation.

6.   Glen Alden Corporation also formed a subsidiary, Philip Carey Manufacturing Company, which continued to conduct the asbestos business.

7.   The corporate relationship between Rapid-American Corporation and Glen Alden Corporation, and Glen Alden's merger and subsequent formation of a separate asbestos company, as well as

7

Rapid-American's express and implied assumption of all

liabilities at every stage of every merger involving a

predecessor corporation and Philip Carey Manufacturing Company

and Philip Carey Manufacturing Corporation are the basis of

Rapid-American Corporation's liability in this matter.

8.    At all times material hereto, Philip Carey Manufacturing

Company and Philip Carey Manufacturing Corporation mined,

manufactured, produced, distributed and sold asbestos products

which were used within the Commonwealth of Pennsylvania,

including, but not limited to:  Hightemp Pipecovering and Block,

85% Magnesia Pipecovering and Block, Air Cell Covering, Fibrous

Adhesive Bonding, Careytemp Bonding, 7-m-90 Asbestos Shorts,

Insulation Cement, Vitracel Cement (Refractory Finishing), LF 20

Asbestos Cement (long fiber), No. 100 Asbestos Cement (hard

finish), No. 303 Asbestos Cement, Asbestos Cement, MW-50 Cement,

No. 707 Insulating Cement, Thermotex-B Mastic and asbestos

shingles, roofing products and asbestos paper.

9.    Defendant,Uniroyal Inc., formerly known as United States

Rubber Co., is a corporation duly organized and existing under

the laws of the State of New Jersey with its corporate

headquarters located at 70 Great Hill Road, Naugatuck, CT 06770.

10.   At all times material hereto, Uniroyal, Inc., formerly known

8

as United States Rubber Co., manufactured, produced, distributed
and sold asbestos containing products which were used within the
Commonwealth of Pennsylvania, including but not limited to:
Asbeston yarns, tapes and fabrics. The fabrics were woven into a
variety of products not limited to, asbestos containing safety
clothing, insulation jacketing and fire blankets.

11. At the direction and control of Clayton & Dubilier, Inc. CDU
Acquisition Inc. acquired all outstanding shares of Defendant
Uniroyal, Inc.'s common stock in 1985. At that time, CDU
Acquisition, Inc. was wholly-owned by Clayton & Dubilier, Inc.
Clayton & Dubilier, Inc. changed its corporate name to Clayton
Dubilier & Rice, Inc. in or around 1993. Clayton Dubilier & Rice,
Inc. is the successor in interest to Clayton and Dubilier, Inc.
Clayton & Dubilier, Inc. had acquired Uniroyal, Inc., upon
information and belief, for the purpose of dismantling its
corporate structure and selling off its assets at a profit
inuring to Clayton & Dubilier, Inc.  Clayton & Dubilier, Inc.
expressly and impliedly assumed the liabilities of Uniroyal, Inc.
upon the purchase of all shares of common stock of Uniroyal, Inc.
Clayton & Dubilier, Inc. and Clayton Dubilier & Rice, Inc. as
successor in interest have not otherwise provided for the
satisfaction of contingent liabilities of Uniroyal, Inc. from the

9

funds it derived upon the sale of Uniroyal, Inc.'s assets.

Defendant, Uniroyal, Inc., was liquidated in 1986.

12.   Defendant, Clayton Dubilier & Rice, Inc., is a corporation

duly organized and existing under the laws of the State of

Delaware with its registered agent being in c/o The Corporation

Trust Company 1209 Orange St. Wilmington, DE 19801.

13.   Defendant American Standard Inc. is a Delaware Corporation

with its principle place of business in New York and is doing

business in the Commonwealth of Pennsylvania.   It is the

successor in interest to Westinghouse Air Brake Co., which sold

asbestos-containing products such as, but not limited to,

gaskets, brake shoes and brake linings.    American Standard, Inc.

or its other predecessor, Ideal, sold asbestos containing boilers

and cement to which plaintiff was exposed.

14. Defendant H.B. Smith Company, Inc., sued in its corporate

capacity with its main office at 47 Westfield Industrial Park

Road, Westfield, MA 01085.   Defendant, H.B. Smith Company, Inc.

manufactured, produced and sold, among other products, asbestos

containing rope, wick, insulating cement, furnace cement, fill

and millboard for use during installation of its boilers.

15.   Defendant Weil McLain Company, A division of the Marley

Company, a wholly owned subsidiary of United Dominion Industries,

10

Inc.,   which is a corporation organized and existing under the
laws of the State of Delaware with its principle place of
business in Kansas which is doing business in the Commonwealth of
Pennsylvania.  At all times material hereto, Defendant Weil-
McLain, manufactured, produced and sold, either directly or
indirectly, in the geographical area in which the plaintiffs
worked and/or to the employers of plaintiffs and/or to
contractors on job sites on which plaintiffs worked, asbsestos
products.

16.  Defendant, Cleaver-Brooks, Inc., is a Delaware corporation
with its principle place of business located in Lebanon,
Pennsylvania.  At all times material hereto Cleaver-Brooks, Inc.
sold boilers which were designed or intended to be insulated with
asbestos.  Because the boilers failed to contain adequate and
sufficient warnings of the possible hazards of asbestos, they
were defective and the conduct of the defendant in selling those
products without such warnings was negligent.  Since asbestos
insulation on the boilers had to be removed, it was dangerous and
warnings should have been given.

17.  Defendant, Viacom, Inc. successor by merger to CBS
Corporation, f/k/a Westinghouse Electric Corporation with its
registered office at Gateway #6, 2nd Floor, 11 Stanwix Street,

11

Pittsburgh, Pennsylvania 15222.  Defendant Viacom, Inc. successor
by merger to CBS Corporation f/k/a Westinghouse Electric
Corporation manufactured various products, including but not
limited to electrical products, gaskets, valves, packing, brakes,
and machinery which either contained asbestos or required the
installation of asbestos.

18.  Defendant, Allied Signal, Inc. sued in its corporate
capacity, and as a successor in interest to inter alia, Allied
Corp. and Allied Signal, Inc.  Defendant Allied Signal, Inc. is a
Delaware based corporation with its principle place of businesss
located at Columbia Road and Park Avenue, Morristown, NJ 07962.
At all times material hereto, it or its predecessor(s) in
interest manufactured and/or sold, among other products, asbestos
containing brake shoes, linings, blocks and pads and other
asbestos-containing brake related automotive products.

19. Defendant Ford Motor Company is a Michigan based corporation
with its main office located at the American Road, Dearborn,
Michigan, 48121.  At all times material hereto it or its
predecessor(s) in interest manufactured and/or sold inter alia,
among other products, asbestos containing brake shoes, linings,
blocks and pads and other asbestos containing brake related
automotive products.

12

20.   Defendant General Motors Corporation is a Pennsylvania corporation with its registered agent at c/o CT Corporation System, 1635 Market Street, Philadelphia, PA 19103.   At all times material hereto, it or its predecessor(s) in interest manufactured and/or sold, among other products, asbestos containing brakes, linings and motors for automotive installations.

21.   Defendant, Drever Furnaces is a Pennsylvania corporation with its principal place of business in Huntingdon Valley, Pennsylvania.   Defendant, Drever Furnaces, manufactured, distributed, supplied, required and/or provided asbestos containing products which were used and/or located at the Budd Company Plant in Philadelphia, Pennsylvania.

22.   Defendant, Selas Corporation of America (Selas Furnaces), is a Pennsylvania corporation with its principle place of business in Dresher, Pennsylvania.   Defendant, Selas Corporation of America (Selas Furnaces), manufactured, distributed, supplied, required and/or provided asbestos containing products which were used and/or located at the Budd Company Plant in Philadelphia, Pennsylvania.

23.   Defendant, Bickley Furnaces, Inc. is a Pennsylvania corporation with its principle place of business in Bensalem,

13

Pennsylvania.    Defendant, Bickley Furnaces, Inc., manufactured, distributed, supplied, required and/or provided asbestos containing products which were used and/or located at the Budd Company Plant in Philadelphia, Pennsylvania.

24.    Defendant Keeler/Dorr-Oliver Boiler Company is a Delaware corporation with its principle place of business located at 238 West Street, Williamsport, Pennsylvania 17701.  Said defendant does business within the Commonwealth of Pennsylvania. Defendant, Keeler/Dorr-Oliver Boiler Company, manufactured, distributed, supplied, required and/or provided asbestos containing products which were used and/or located at the Budd Company Plant in Philadelphia, Pennsylvania.

25. Defendant, J.H. France Refractories is a Pennsylvania corporation with its principle place of businees in Snow Shoe, Pennsylvania.  Defendant, J.H. France Refractories, manufactured, distributed, supplied, required and/or provided asbestos containing products which were used and/or located at the Budd Company Plant in Philadelphia, Pennsylvania.

26.    Defendant, New York Airbrake Company with its corporate address at Starbuck Avenue, Glen Park, New York and its registered address at c/o C.T. Corporate Sytems, 1515 Market Street, Philadelphia, PA 19102.  Defendant, New York Airbrake

14

Company manufactured, distributed, supplied, required and/or

provided asbestos containing products which were used and/or

located at the Budd Company Plant in Philadelphia, Pennsylvania.

27.   This Complaint alleges the claims of the following persons:

        a.   Plaintiff-Executrix ("Plaintiff"):

Name: Dolores Alibert

Address: 66 Ivy Lane, Glenn Mills, PA 19342

b. Decedent: Vernon Alibert

Decedent's Social Security No.   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

Decedent's Date of Birth: 06/30/22

Decedent's Date of Death: 12/13/01

28.   Plaintiff is the Executrix of the Estate of Vernon Alibert.

Plaintiff was granted letters by the Register of Wills of

Delaware County, Pennsylvania.

29.   The defendants are those companies listed in the caption of

this complaint.

30.   Plaintiff's decedent was employed at the New York Shipyard

and the Philadelphia Naval Shipyard from 1941 to 1943.

31.   Plaintiff's decedent was also employed by the Budd Company

and General Electric located in Pennsylvania from 1943 to 1975

and while in their employ was exposed to the asbestos products of

the defendants herein.

15

32. The air Plaintiff's decedent breathed was contaminated with asbestos dust and fibers shed by asbestos products sold, manufactured or distributed by the defendant corporations and each of them during the period 1941 to 1975 while he was employed by the various employers averred in paragraphs 30 and 31 above.

33. Plaintiff's decedent first learned of the injury for which he is making his claim on or about November 18, 1999.

34. Plaintiff's decedent was first diagnosed as having an asbestos related injury on or about November 18, 1999.

35. Plaintiffs' decedent died on December 13, 2001 in part as a result of his asbestos related pleural disease and asbestosis and the inhalation of the asbestos fibers manufactured and/or supplied by the defendants named herein.

36. Plaintiffs' decedent developed asbestosis, asbestos related lung disease and pulmonary problems which were solely and proximately caused by his exposure to and use of asbestos. These asbestos products were manufactured, sold and supplied by the above named defendant corporations.

37. A claim for lost wages is not asserted at this time.

WHEREFORE, Plaintiffs demand judgment against all defendants named in this Complaint, and each of them, in an amount in excess of fifty thousand dollars ($50,000.00) for

16

compensatory damages and in excess of fifty thousand dollars

($50,000.00) for punitive damages, plus costs, attorney's fees

and such further relief as may be appropriate.

LAW OFFICE OF PETER G. ANGELOS, P.C.

BY: _____

Mark A. Kowit, ESQUIRE
LAW OFFICES OF PETER G. ANGELOS, P.C.
The Wanamaker Building
100 Penn Square East
Suite 1050, Tenth Floor
Philadelphia, PA   19107
(215) 963-9333

17

We verify that the statements made in this Complaint
are true and correct.  We understand that false statements
herein are made subject to the penalties of 18 Pa. C.S.
Section 4904 relating to unsworn falsification to
authorities.

Dated $1\text{-}2\text{-}15\text{-}01$    x _Dolores V. Albert_

x _____

LAW OFFICES OF PETER G. ANGELOS, P.C.
Edward P. Monaghan, Esquire
Pa. S. Ct, I,.D. No.  45775
James T. Fitzgerald, Esquire
PA S. Ct. I.D. No.   43178
Mark A. Kowit, Esquire
PA S . Ct. I.D. No.  57793
100 Penn Square East
Suite 1050, Tenth Floor
Philadelphia, PA 19107
(215) 963-9333

| | | |
|---|---|---|
| Delores Alibert, Executrix of | * | IN THE COURT OF COMMON |
| the Estate of Vernon Alibert, | * | PLEAS OF PHILADELPHIA |
| and in her own right | * | |
| 66 Ivy Lane | * | COUNTY, PENNSYLVANIA |
| Glenn Mills, PA 19342 | * | |
| | * | |
| | * | JULY TERM, 2001 |
| | * | |
| Plaintiff | * | NO. 4206 |
| VS | * | |
| | * | COMPLAINT |
| AC&S, Inc., *et al* | * | PERSONAL INJURY |
| | * | |
| | * | CIVIL ACTION - |
| Defendants | * | ASBESTOS - 2090 |
| | * | JURY TRIAL DEMANDED |
| | * | |

**************************************************************

     This is to certify that this is a true and correct copy of

the foregoing Complaint in the above captioned case.


                         LAW OFFICES OF PETER G. ANGELOS, P.C.

                         BY:  /s/ Mark Kowit

                         Mark A. Kowit, Esquire
                         Law Offices of Peter G. Angelos, P.C.
                         100 Penn Square East
                         Suite 1050, Tenth Floor
                         Philadelphia, PA 19107
                         (215)963-9333

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE: FEDERAL-MOGUL    :    Chapter 11
GLOBAL, INC., T&N       :    Case Nos. 01-10578, et al.[1]
LIMITED, et al.,        :
                        :
        Debtors.        :
-------------------------

## ORDER OF CLARIFICATION RE:
## PROVISIONAL TRANSFER OF FRICTION PRODUCTS CLAIMS

This matter having been opened upon the Court's own motion;
and the Court having withdrawn the reference with respect to
several motions to transfer and to provisionally transfer (the
"Transfer Motions") claims pending in the several United States
District Courts against defendant manufacturers of so-called
"friction products" (respectively the "Friction Products Claims"
and the "Friction Products Defendants") previously removed by the
Friction Products Defendants from the several state courts; and
for the reasons set forth in the letter opinion of the Court
filed herewith; and for good cause shown

It is this    day of January, 2002

ORDERED that this Order governs all Provisional Transfer
Orders whether already issued by the Court or that may be issued
in the future and those Orders shall not be construed in a manner
inconsistent with the terms of this Order, and it is further

ORDERED that the Provisional Transfer Orders are limited in

_____

[1]See attached list.

effect to only those claims against the Friction Products Defendant(s) identified in the respective moving papers and Provisional Transfer Orders and that no other claims and no other parties are affected by the Provisional Transfer Orders, and it is further

ORDERED that any Friction Product Claim that would have been subject to a Provisional Transfer Order previously issued by this Court but for the fact that such Friction Product Claim had not yet been removed on the date the Provisional Transfer Order was issued is hereby provisionally transferred to this Court subject to further Order of this Court, and it is further

ORDERED that counsel identified in the Court's previous Provisional Transfer Orders shall provide to claimants provisionally transferred by this Order such notice and waivers of further service as was specified in the relevant previous Orders, and it is further

ORDERED that claimants provisionally transferred by this Order shall not be subject to the briefing schedule with respect to the Transfer Motion, and shall file no papers in opposition to the Transfer Motion except as provided by further Order of this Court.

_/s/_____
ALFRED M. WOLIN, U.S.D.J.

2

IN RE: FEDERAL-MOGUL GLOBAL, INC.
Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |

| 01-10637 | 01-10696 | 01-10746 |
| 01-10638 | 01-10697 | 01-10747 |
| 01-10640 | 01-10698 | 01-10748 |
| 01-10641 | 01-10699 | 01-10749 |

EXHIBIT "B"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | : | |
|--------|---|---|
| | : | **CHAPTER 11** |
| **FEDERAL-MOGUL GLOBAL, INC.,** | : | |
| | : | **BANKRUPTCY NO. 01-10587** |
| Debtor. | : | (jointly administered) |

**ORDER 1) DENYING THE MOTIONS TO TRANSFER THE "FRICTION PRODUCTS CLAIMS" AND 2) REMANDING THE FRICTION PRODUCTS CLAIMS**

This matter having been opened before the Court upon the several motions of parties, denominated in the prior Orders of the Court as the "Friction Products Defendants," to transfer to this District into the above-captioned proceedings the claims against the movants previously denominated "Friction Products Claims"; and the Court having previously granted this motion on a provisional basis and the Friction Products Claims having already been provisionally transferred to this Court subject to a plenary hearing on the motion to transfer; and the Court having previously given notice to the parties that it would consider arguments directed to subject matter jurisdiction, abstention and remand in ruling upon the movants' applications; and the Court having reviewed the submissions of counsel and heard oral argument; and for the reasons set forth on the record at the hearing on those motions today, as supplemented by a written Opinion to follow; and for good cause shown

It is this 8th day of February 2002

1

ORDERED that the motions to transfer the Friction Products Claims are denied, and it is further

ORDERED that this Court lacks subject matter jurisdiction over the Friction Products Claims, and it is further

ORDERED that the Friction Products Claims are remanded to the state courts from which they were removed pursuant to 28 U.S.C. § 1447, and it is further

ORDERED that, in the alternative, the Friction Products Claims are remanded to the state courts from which they were removed pursuant to 28 U.S.C. § 1452.

Alfred M. Wolin, U.S.D.J.

# EXHIBIT "C"

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 02-1426

In Re: Federal-Mogul Global, Inc., et al.

Daimler Chrysler Corporation, Ford Motor
Company and General Motors Corporation,
Appellants

(DC No. 01-10578 (AMW))

Present:    Scirica, Circuit Judge

1) Emergency Motion for Stay Pending Appeal by Appellants

_____ O R D E R _____

The forgoing Motion for stay is granted temporarily in order for the Court to receive responses to
the motion from opposing counsel and for full consideration of the matter by a three judge panel.
Appellees' shall file written responses to the motion for stay on or before 10:00 am, Friday,
February 15, 2002.

For the Court,

*(signature)*

Clerk

Dated: FEB 11 2002

Dsc/cc: CL, EW, ET
        RM, AR, PK
        ME, JK, WW
        RP, JSG

# EXHIBIT "D"

Edward Finch - schedulingorder.pdf

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 02-1426, 02-1491, 02-1492, 02-1588, 02-1652, 02-1664, 02-1688 and 02-1741

IN RE: Federal-Mogul Global, Inc.

PRESENT:   Becker, Chief Judge

### ORDER

The following briefing schedule is hereby established in these consolidated appeals:

April 8, 2002: Appellants' joint opening brief on the merits of the district court's decision (14,000 words);

April 26, 2002: Appellees' joint response brief on the merits of the district court's decision and appellees' objections to appellate jurisdiction (21,000 words);

May 10, 2002: Appellants' joint reply brief on the merits of the district court's decision and response on appellate jurisdiction (21,000 words);

May 16, 2002: Appellees' joint reply brief on appellate jurisdiction (7,000 words).

It is expected that the various appellants and appellees will join in these joint briefs to the greatest extent practicable. However, an individual appellant or appellee may file a separate brief addressing discrete issues particular to that party, as long as those issues are not merely repetitive of the arguments advanced in the joint brief. Such separate briefs are due on the same date as the joint brief addressing the relevant issues. The foregoing word limitations are established for the joint briefs without prejudice to motions for extension of those limitations if necessary to respond to the separate submissions.

A brief will be considered timely filed if it is deposited with an express mail service on the due date for overnight delivery on the next business day. In addition, all briefs shall be served on all parties by e-mail by 5:00 p.m. Eastern time on the due date. A list of e-mail addresses is attached to this order.

Oral argument will be held on June 17, 2002. The time will be fixed by the panel. The allocation of oral argument time will be as follows:

Appellants' opening argument: 1 hour

Appellees' argument: 1 hour, 20 minutes

Appellants' rebuttal: 20 minutes

The parties will determine an appropriate allocation of argument time for various counsel within these aggregate allotted times.

The temporary stay entered by this Court on February 11, 2002, as clarified by the order of March 19, 2002, will remain in effect until further order of the merits panel.

By the Court,

_____

Chief Judge

Date: MAR 2 5 2002

nb/cc: All counsel of record

ATTACHMENT: e-mail addresses for service

Appellants' counsel:

Ford Motor Company, General Motors Corporation, DaimlerChrysler Corporation:

David M. Bernick (david_bernick@chicago.kirkland.com)
Christopher Landau (clandau@dc.kirkland.com)
Eric B. Wolff (ewolff@dc.kirkland.com)

Honeywell:

Thomas F. Campion (thomas.campion@dbr.com)
Kenneth J. Wilbur (kenneth.wilbur@dbr.com)
Michael J. Reynolds (michael.reynolds@dbr.com)

International automakers:

David Wilks (wilksd@whitewms.com)
Chris Singewald (singewaldc@whitewms.com)

Official Unsecured Creditors Committee:

Robert B. Millner (RMillner@sonnenschein.com)

Hennessy Indus., Inc.:

Paul Day (paul.day@piperrudnick.com)
Henry A. Heiman (hheiman@hagblaw.com)

Holman Enterprises, B.F. Goodrich, Salvo Auto Parts:

Lee Baylin (leebaylin@baylinlaw.com)
Michael A. Stover (mstover@wtplaw.com)
Douglas F. Murray (dmurray@wtplaw.com)

Appellees' counsel:

Official Committee of Asbestos Claimants

Elihu Inselbuch (ei@capdale.com)
Trevor W. Swett III (tws@capdale.com)

Ad Hoc Committee of Asbestos Claimants

Alan Rich (arich@baronbudd.com)
Charles S. Siegel (siegel@swpk.com)
Robert T. Haefele (RHaefele@Wilentz.com)
Nancy Davis (ndavis@nmlrp.com)

**Kaeske-Reeves Claimants - Beaty, Salter, and Sturdevant**

Kay Reeves (kreeves@kaeske-reeves.com)
J. Bradshaw (jbradshaw@kaeske-reeves.com)
Michael B. Pullano (mpullano@mccarter.com)

**Waters & Kraus plaintiffs/Unofficial Committee of Select Asbestos Claimants**

Charles S. Siegel (siegel@swpk.com)

**Counsel for Federal-Mogul**

Laura Davis Jones (ljones@pszyj.com)

TOTAL P.05